Sealed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80602-Civ-HURLEY
            06-80020-Cr-HURLEY
MAGISTRATE JUDGE P. A. WHITE

JOSEPH J. SUTERA,              :

    Movant,                    :

v.                             :        REPORT OF
                                        MAGISTRATE JUDGE
UNITED STATES OF AMERICA,      :        *UNDER SEAL*

    Respondent.                :
_____

    This motion to vacate pursuant to 28 U.S.C. §2255 was filed by the movant on May 8, 2010.[1] The judgment of conviction in the underlying criminal case, No. 06-80020-Cr-Hurley, became final at the latest on November 28, 2006, ten days after the entry of judgment (Cr-DE#213), when time expired for filing a notice of appeal.[2]

    At the latest, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than November 28, 2007. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). This motion to vacate was filed by the movant

---

[1] A pro se prisoner's motion to vacate sentence or petition for writ of habeas corpus is deemed to be filed on the date that it was signed, executed, and delivered to prison officials, for purposes of AEDPA's one-year limitations period. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999).

[2] Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999); Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000). At the time the judgment was entered, the time for filing a direct appeal expired ten days after the judgment or order being appealed was entered. Fed.R.App.P. 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). Pursuant to Fed.R.App.P. 26, intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

on May 8, 2010, over two years after his conviction became final. (Cv-DE#1). It is not timely.

Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

See 28 U.S.C. §2255(f).

The pertinent inquiry here involves subsections (f)(1), and (f)(3).[3] Pursuant to (f)(1), the movant had one year from the time his conviction became final, or until November 2007 to timely file this federal motion. He did not do so.

To the extent the movant suggests the motion was filed within one year from the time the judgment was amended as a result of the filing of the Rule 35 motion by the government, that argument is

---

[3] The movant has failed to demonstrate any government action which impeded him from timely filing this collateral attack. Thus, section (f)(2) above does not apply and will not serve to toll the limitations period.

2

also unavailing. The movant waited more than one year following that amended judgment to file his collateral petition here. Regardless, the Eleventh Circuit, has not ruled as to whether a new one-year period of limitation for §2255 motions starts from the date of an amended judgment and sentence entered as a result of the Court's granting a Rule 35(b) motion. Other circuits, however, have ruled expressly on this issue.

Several circuits have held that granting a government motion under Rule 35(b) does not restart the filing period for §2255 motions. See Byers v. United States, 561 F.3d 832, 835 (8th Cir. 2009)(holding that Rule 35(b) sentence modification was not a judgment of conviction that restarted AEDPA's §2255 filing period); United States v. Schwartz, 274 F.3d 1220, 1224 (9th Cir. 2001)(holding that the modification of the petitioner's sentence pursuant to a Rule 35(b) motion did not affect the finality of the judgment for purposes of §2255); United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir. 2001)("Congress did not intend for motions under Rule 35(b) to prevent a conviction from becoming final for §2255 purposes. The plain language of 18 U.S.C. §3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment."); see also United States v. Chapman, 220 F. App'x 827, 830 (10th Cir. 2007)("when a federal prisoner is resentenced following a Rule 35(b) motion by the government, the statute of limitations does not recommence from the date of the resentencing judgment."); Reichert v. United States, 101 F. App'x 13, 14 (6th Cir. 2004)(holding the same).

In this case, the movant's re-sentencing was not based on an error in the original sentencing, but was the result of the court's granting a 35(b) motion filed by the government. Thus, the court finds that, in this case, the time period for filing a §2255 motion

began in 2006, when time expired for filing a direct appeal from his initial judgment of conviction.

The movant next suggests that under section (f)(3), the motion is timely because he is entitled to relief pursuant to the Supreme Court's decision in United States v. Santos, 553 U.S. 507 (2008). Pursuant to 2255(f)(3), the one-year limitations period begins running on the date the Supreme Court decided the case which initially recognized the right being asserted. See Dodd v. United States, 545 U.S. 353, 357, 360 (2005). It is noted, however, that Santos was decided on June 2, 2008. This motion was not filed until May 8, 2010, almost two years from the Santos decision. See Dodd v. United States, 545 U.S. at 360 (concluding §2255 motion was untimely because it was filed more than one year after the Supreme Court decided the relevant case). Thus, Santos does not make this federal motion timely filed pursuant to the AEDPA.

Regardless, this does not, however, end the inquiry, as "in the proper case, §2255's period of limitations may be equitably tolled." Recently, the Supreme Court has held that the one-year limitations period is subject to equitable tolling in appropriate cases. Holland v. Florida, ___ U.S. ___, 2010 WL 2346549 (June 14, 2010).[4] See also Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct.

---

[4] In Holland, the Supreme Court invalidated the Eleventh Circuit's *per se* rule that, because an attorney's actions are attributed to his client, an attorney's negligence or misconduct could never justify equitable tolling in habeas cases. Instead, the courts must evaluate the specific circumstances of each case. Holland at *12 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

The petitioner in Holland was diligently pursuing his rights, as he had written to his attorney numerous times, had informed and corrected his attorney regarding the §2244(d) statute of limitations, had attempted to have the attorney removed from his case, and had prepared his *pro se* §2244 petition on the day he found out that the limitations period had expired. Id. at *14. His attorney's negligence was more than "garden variety" or "excusable neglect," and may have risen to the level of an extraordinary circumstance, as he failed to file Holland's federal petition on time despite Holland's many letters that repeatedly

4

1807, 161 L.Ed.2d 669 (2005)(holding that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing); <u>Helton v. Secretary for Dept. of Corrections</u>, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), <u>cert. denied</u>, 535 U.S. 1080 (2002); <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11 Cir. 1999).

As noted by the Supreme Court in <u>Holland</u>, the movant must show that he has exercised reasonable diligence and that extraordinary circumstances prevented him from timely filing this motion to vacate. The movant has not done so here. The movant has not come forward with anything to suggest that equitable tolling should be applied in this case. Thus, the motion remains time-barred.

With the passage of the Antiterrorism and Effective Death Penalty Act, litigants must be attentive to the time limitations for filing a motion to vacate, and make diligent efforts to file the motion within one year from the time their convictions become final. <u>United States v. Trenkler</u>, 268 F.3d 16, 24-27 (1st Cir.

---

emphasized the importance of his doing so. [The attorney] apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. [The attorney] failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And [the attorney] failed to communicate with his client over a period of years, despite various pleas from Holland that [the attorney] respond to his letters. <u>Id</u>. These breaches by the attorney had the effect of actually preventing the petitioner's filing, as the petitioner did not know that the state courts had completed their review because the attorney did not tell him until it was too late. <u>Id</u>. at *6.

2001); United States v. Prescott, 221 F.3d 686, 687-689 (4 Cir. 2000)(pending motion for new trial after finality of direct review does not toll AEDPA's statute of limitations); O'Connor v. United States, 133 F.3d 548 (7 Cir. 1998); Johnson v. United States, 246 F.3d 655 (6 Cir. 2001); United States v. Norris, 2000 WL 521482 (DC Cir. 2000); United States v. Chambers, 126 F.Supp.2d 1052 (E.D. Michigan 2000). The movant has failed to establish that he acted diligently in pursuing the filing of this motion.

The movant appears to argue that the limitations should be equitably tolled because he did not appeal his criminal case, and remained "silent," doing nothing to collaterally attack his convictions because he feared not only for his own life, but that of his family throughout the course of his criminal case. He claims he was repeatedly told by counsel to keep quiet. (Cv-DE#s1,11,23). The movant alleges that in former counsel's presence, the now deceased Ray Manicapra, threatened the movant and also threatened to blow-up his wife.[5] (Cv-DE#11:1). The movant further states he was assaulted in December 2008 at the institution whereat he was confined, shortly after receiving a Rule 35 reduction in sentence. (Cv-DE#30:Ex.S). He explains that he did not file this collateral motion until he felt "safer" following his transfer to his current permanent institution of confinement, the La Tuna Federal Correctional Institution in Anthony, Texas. (Cv-DE#1:13).

The movant's self-serving allegations are disingenuous and belied by his own representations in this collateral proceeding, as well as, by the underlying criminal record. There is nothing of record in the underlying criminal case to suggest that either the movant or his family were being threatened. According to the

---

[5] However, by the movant's own concession, Mangicapra died five weeks prior to the movant's indictment. (Cv-DE#30:Ex.S).

movant, it was not until after his Rule 35 reduction that the purported threats commenced. There is, however, no objective evidence to support the movant's allegations. He provides no objective evidence, such as police reports, or investigations to support these self-serving allegations. Moreover, the movant does not establish what steps, if any, his family has taken to ensure their safety, including contacting their respective law enforcement agencies to report the alleged threats. It is evident that the movant has not acted diligently in filing this collateral attack. As was done here, the movant could have well have filed his collateral attack under seal within a year after his conviction became final. He did not do so, and the limitations period has now expired. Under the totality of the circumstances present here, the movant has not demonstrated extraordinary circumstances which precluded him from timely pursuing a collateral challenge to his judgment of conviction.[6]

In conclusion, the movant has not demonstrated that he diligently pursued filing of this motion to vacate within one year from the time his convictions became final. The time-bar is ultimately the result of the movant's failure to properly and timely prosecute this federal habeas corpus petition.

<u>Waiver of Right to Collaterally Attack Conviction/Sentence</u>

Even if the movant's motion were not time-barred, this collateral attack would be subject to dismissal because the movant

---

[6] For the reasons set forth succinctly in the government's response, the movant was represented by multiple attorneys during the course of his cooperation and Rule 35 proceeding, having met with the government on more than 18 occasions. (Cv-DE#30:Ex.P:3). At no time did the movant express any concerns for his safety or that of his family. Likewise, the movant's representations that counsel encouraged him to cooperate is inconsistent with his assertions that his change of plea counsel, Ross Zimmerman, Esquire, threatened the movant if he talked to the government.

knowingly and voluntarily waived his right to file a 28 U.S.C. §2255 motion to vacate. (See Cv-DE#116-Plea Agreement).

Review of the plea agreement, in conjunction with the Rule 11 transcript (Cv-DE#30:Ex.E) reveals that the movant's plea was knowing and voluntarily entered. The movant acknowledged that he was waiving his right to appeal the sentence imposed, and more importantly, also expressly waived any and all rights to a collateral, post-conviction attack of the convictions and sentences imposed.

The law is clear that for a defendant's waiver of his rights to be effective, the waiver must have been knowingly and voluntarily entered. United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993); see also, United States v. Benitez-Zapata, 131 F.3d 1444, 1445 (11th Cir. 1997). The government must demonstrate "that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Bushert, 997 F.2d at 1351.

At the Rule 11 hearing, the movant was questioned at length regarding the waiver of his appellate rights and the right to file a collateral attack under §2255. (Cv-DE#30:Ex.E:100). He acknowledged that as part of the plea he was waiving these rights. (Id.). After a thorough colloquy was had, the court found the waiver was knowingly and voluntarily, as well as, fully understood by the movant. (Id.). In fact, after independent review of the record, it is clear that the movant was satisfied with counsel's representation, and was freely changing his plea to guilty, without being coerced or otherwise forced to do so.

8

Under these circumstances, the court finds that the movant's waiver of his post-conviction collateral attack rights was knowing and voluntary, as required by <u>Bushert</u>. The waiver was clearly set forth in his plea agreement, which the movant stated under oath that he read, discussed with his attorney, and understood. He signed the plea agreement, indicating his acceptance and understanding of the waiver provision, under penalty of perjury. In addition, at his Rule 11 hearing, the court raised the waiver provision, discussed it with movant, and ensured that movant had read and understood it and agreed to it without the undue influence of his attorney or any other party. The court also explained to the movant the consequences of such a waiver, and movant still indicated that he had freely and knowingly entered into the agreement.

Because the movant knowingly and voluntarily waived his right to collaterally attack his conviction and sentence, that waiver must be enforced. See <u>Benitez-Zapata</u>, 131 F.3d at 1447 (dismissing defendant's appeal after upholding waiver of appellate rights in plea agreement); <u>Williams v. United States</u>, 396 F.3d 1340, 1342 (11th Cir. 2005), <u>cert. den'd</u>, 546 U.S. 902 (2005).

It is therefore recommended that this motion to vacate be dismissed as time-barred, and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 13TH day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Joseph J. Sutera, Pro Se
      Reg. No. 75483-004
      F.C.I.-La Tuna
      P.O. Box 3000
      Anthony, NM 88021-9897

      Carolyn Bell, AUSA
      U.S. Attorney's Office
      500 Australian Avenue, Suite 400
      West Palm Beach, FL 33401
```